IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 3:25-cr-64 |
| METALLIE LEIGH GILLETTE, | ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | ) ) ) | |

## I.    PROCEDURAL BACKGROUND

Defendant pleaded guilty to Sexual Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(a) and 2251(e) in Count 1 and Distribution of Child Pornography in violation of Title 18, United States Code Section 2252A(a)(2) and 2252A(b)(1) in Count 2. Presentence Investigation Report, ECF No. 43, ¶ 3 (hereinafter "PSR"). Pursuant to the plea agreement Count 3 and Count 4 will be dismissed at sentencing. *Id.* ¶ 4.

There are no outstanding objections to the PSR. The government does not anticipate presenting additional evidence or witnesses at sentencing. The government has received one victim impact statement and has provided it to the Court and defense counsel.

## II.    SENTENCING CALCULATION

### A.    Statutory Maximum and Minimum Sentence

Based on Defendant's plea of guilty to Count One, Defendant is subject to a mandatory minimum sentence of 15 years in prison up to 30 years imprisonment and at least 5 years up to life on supervised release. A fine of up to $250,000 is permitted,

in addition to the $100 special assessment. PSR ¶¶ 105, 109, 114, 115. Based upon Defendant's plea of guilty to Count Two, Defendant is subject to a mandatory minimum sentence of 5 years up to 20 years imprisonment, and at least 5 years up to life on supervised release. A fine of up to $250,000 is permitted, in addition to the $100 special assessment. PSR ¶¶ 105, 109, 114, 115. Defendant is subject to the provisions of the JVTA and the court shall assess an amount of $5,000, per count, on any non-indigent person. PSR ¶ 116. Defendant is also subject to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 and the court shall assess not more than $50,000 on Count 1 and $35,000 on Count 2. PSR ¶ 117.

### B.    Sentencing Guidelines Calculation

The PSR correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| USSG §2G2.1 (base): | 32 |
| USSG § 2G2.1(b)(1)(A) (under 12) | +4 |
| USSG § 2G2.1(b)(2) (sexual act) | +2 |
| USSG § 2G2.1(b)(3) (distribution) | +2 |
| USSG § 2G2.1(b)(4)(B) (toddler) | +4 |
| USSG § 2G2.1(b)(5) (parent) | +2 |
| USSG § 4B1.5(b)(1) (pattern) | 51 |
| USSG §3E1.1 (acceptance of responsibility): | −3 |
| Total Offense Level: | 43 |
| Criminal History Category | I |

Guideline Sentencing Range:                          600 months

## III.    <u>SENTENCING FACTORS & GOVERNMENT'S RECOMMENDATION</u>

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1.    the nature and circumstances of the offense and history and characteristics of the defendant;
2.    the need for the sentence imposed –
    A.    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B.    to afford adequate deterrence to criminal conduct;
    C.    to protect the public from further crimes of the defendant; and
    D.    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3.    the kinds of sentences available;
4.    the guideline sentencing range;
5.    any pertinent policy statement;
6.    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7.    the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

The government recommends a Guideline sentence of imprisonment, followed by a five-year term of supervised release.

Defendant used Minor Victim One to create child pornography and then distributed that child pornography for sale. PSR ¶¶ 17-19. Defendant admitted to law enforcement that she had done so, and the forensic examination of her phone contained the picture and video she had created showing Minor Victim One's genitals. PSR ¶¶ 17-18. The forensic examination also captured Defendant sending the image and video to David Remigio and the conversation between Defendant and David Remigio where Defendant asked if anyone had purchased the images of Minor Victim

3

One. PSR ¶ 19. Defendant's phone contained three additional videos depicting child pornography. PSR ¶ 20.

Defendant has a very limited criminal history with only one prior conviction for theft in the fifth degree. PSR ¶ 49. However, the seriousness of the offenses in this case show that a Guideline sentence would be sufficient but not greater than necessary to accomplish the goals of sentencing.

WHEREFORE, the government requests the Court consider this sentencing memorandum in determining the final sentence of Defendant.

Respectfully submitted,

David C. Waterman
United States Attorney

By:  */s/Matthew A. Stone*
Matthew A. Stone
Assistant United States Attorney
United States Courthouse
131 East Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: matthew.stone@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

  X  ECF/Electronic filing    ____Other means

UNITED STATES ATTORNEY

By:  */s/ Matthew A. Stone*
      Assistant U.S. Attorney